IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HOWARD J. MITCHELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 11-634 |
| | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Maureen P. Kelly |
| THOMAS DUFFOLA, in official and | ) | |
| individual capacity, THE CITY OF | ) | |
| PITTSBURGH POLICE DEPARTMENT, | ) | |
| DOE I (Inclusive), | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the Complaint in the above-captioned case [ECF No. 3] be dismissed for failure to prosecute.

II. Report

Plaintiff, Howard J. Mitchell, has presented a civil rights complaint against Defendants Thomas Duffola, the City of Pittsburgh Police Department, and Doe I (Inclusive) alleging the violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

On June 21, 2011, this Court issued an Order informing Plaintiff of the reassignment of this action to the undersigned United States Magistrate Judge. The Order was returned by the United States Postal Service, indicating that Plaintiff is no longer at the Allegheny County Jail and has left no forwarding address. On September 14, 2011, an Order to Show Cause was issued on Plaintiff, returnable September 28, 2011, to show cause why this action should not dismissed

for Plaintiff's failure to prosecute. To date, Plaintiff has failed to respond and has failed to notify the Court of his whereabouts or give any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Order and to notify the Court of his address of record and his intention to proceed with this action, which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address so that the Court could communicate with him was not only solely his personal responsibility but his failure to do so for over four months appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders – other than being named as Defendants to this action, there appears to be no specific prejudice to Defendants other than general delay. Similarly,

factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to notify the Court of his change of address so that the case may proceed, it appears that Plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the Complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Maureen P. Kelly
U.S. Magistrate Judge

Dated:  October 7, 2011

cc:  **HOWARD J. MITCHELL**
　　 125788
　　 Allegheny County Jail
　　 950 Second Avenue
　　 Pittsburgh, PA 15219
　　 PRO SE

3